STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
LISA M. SIMONETTI (State Bar No. 165996)
ARJUN P. RAO (State Bar No. 265347)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendants
  JPMORGAN CHASE BANK, N.A.,
  erroneously sued as JPMORGAN
  CHASE & CO., and CHASE BANK
  USA, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WILLIS, COREY GOLDSTEIN, PAUL STEMPLE, and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JPMORGAN CHASE & CO., CHASE BANK (USA) N.A.,<br><br>　　　　　Defendants. | Case No. 2:12-cv-10252-DMG-SH<br><br>[Assigned to the Hon. Dolly M. Gee]<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

JPMorgan Chase Bank, N.A., erroneously sued as JP Morgan Chase & Co., and Chase Bank USA, N.A. ("Defendants"), through their undersigned counsel, answer the Second Amended Complaint ("SAC") of plaintiffs Barry Willis, Corey Goldstein, Paul Stemple and Carrier Couser ("Plaintiffs"), filed on January 11, 2013, as follows:

## ANSWER TO INTRODUCTION

1. Answering Paragraph 1 of the SAC, Defendants admit that Plaintiffs purport to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). Except as expressly admitted, Defendants deny each and every allegation set forth in Paragraph 1.

2. Answering Paragraph 2 of the SAC, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendants state that the TCPA, the accompanying legislative history and decisional law speak for themselves, and Defendants deny any allegations that are inconsistent therewith.

3. Answering Paragraph 3 of the SAC, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendants state that the TCPA, the accompanying legislative history and decisional law speak for themselves, and Defendants deny any allegations that are inconsistent therewith.

4. Answering Paragraph 4 of the SAC, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendants state that the TCPA, the accompanying legislative history and decisional law speak for themselves, and Defendants deny any allegations that are inconsistent therewith.

5. Answering Paragraph 5 of the SAC, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent a response

is required, Defendants state that the TCPA, the accompanying legislative history and decisional law speak for themselves, and Defendants deny any allegations that are inconsistent therewith.

6.  Answering Paragraph 6 of the SAC, Defendants state that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendants state that the TCPA, the accompanying legislative history and decisional law speak for themselves, and Defendants deny any allegations that are inconsistent therewith.  Defendants further deny that any purported class can be certified.

## ANSWER TO JURISDICTION AND VENUE

7.  Answering Paragraph 7 of the SAC, Defendants admit that this Court possesses subject matter jurisdiction over this action, but deny any liability to Plaintiffs and deny that Plaintiffs are entitled to any relief whatsoever.

8.  Answering Paragraph 8 of the SAC, Defendants do not challenge venue for purposes of this action, but deny any liability to Plaintiffs and deny that Plaintiffs are entitled to any relief whatsoever.

## ANSWER TO PARTIES

9.  Answering Paragraph 9 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations in Paragraph 9.

10.  Answering Paragraph 10 of the SAC, JP Morgan Chase Bank, N.A. admits that it is a national bank.  Except as expressly admitted, JP Morgan Chase Bank, N.A. denies each and every allegation set forth in Paragraph 10.

11.  Answering Paragraph 11 of the SAC, Chase Bank USA, N.A. admits that it is a national bank.  Except as expressly admitted, Chase Bank USA, N.A. denies each and every allegation set forth in Paragraph 11.

## ANSWER TO FACTUAL ALLEGATIONS

12. Answering Paragraph 12 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations in Paragraph 12.

13. Answering Paragraph 13 of the SAC, Defendants deny that they fit within the definition located at 47 U.S.C. § 153 (10).

14. Answering Paragraph 14 of the SAC, Defendants admit that they conduct certain business in the State of California, County of Los Angeles.

15. Answering Paragraph 15 of the SAC, Defendants deny each and every allegation set forth in Paragraph 15.

16. Answering Paragraph 16 of the SAC, Defendants deny each and every allegation set forth in Paragraph 16.

17. Answering Paragraph 17 of the SAC, Defendants deny each and every allegation set forth in Paragraph 17.

18. Answering Paragraph 18 of the SAC, Defendants deny each and every allegation set forth in Paragraph 18.

19. Answering Paragraph 19 of the SAC, Defendants deny each and every allegation set forth in Paragraph 19.

20. Answering Paragraph 20 of the SAC, Defendants deny each and every allegation set forth in Paragraph 20.

21. Answering Paragraph 21 of the SAC, Defendants deny each and every allegation set forth in Paragraph 21.

22. Answering Paragraph 22 of the SAC, Defendants deny each and every allegation set forth in Paragraph 22.

23. Answering Paragraph 23 of the SAC, Defendants deny each and every allegation set forth in Paragraph 23.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51691693

24. Answering Paragraph 24 of the SAC, Defendants deny each and every allegation set forth in Paragraph 24.

25. Answering Paragraph 25 of the SAC, Defendants deny each and every allegation set forth in Paragraph 25.

26. Answering Paragraph 26 of the SAC, Defendants deny each and every allegation set forth in Paragraph 26.

27. Answering Paragraph 27 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations in Paragraph 27.

28. Answering Paragraph 28 of the SAC, Defendants deny that the allegations are encompassed by 47 U.S.C. § 227(b)(1)(A)(i).

29. Answering Paragraph 29 of the SAC, Defendants deny that they made any calls to Plaintiffs as defined by 47 U.S.C. § 227(a)(4).

30. Answering Paragraph 30 of the SAC, Defendants deny each and every allegation set forth in Paragraph 30.

31. Answering Paragraph 31 of the SAC, Defendants deny each and every allegation set forth in Paragraph 31.

## ANSWER TO CLASS ACTION ALLEGATIONS

32. Answering Paragraph 32 of the SAC, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons that purportedly are similarly situated.  Defendants deny that any class should be certified in this action and that this action is appropriate for class treatment.  Except as expressly stated, Defendants deny each and every remaining allegation set forth in Paragraph 32.

33. Answering Paragraph 33 of the SAC, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons that purportedly are similarly situated.  Defendants deny that any class

-4-

LA 51691693

should be certified in this action and that this action is appropriate for class treatment. Except as expressly stated, Defendants deny each and every remaining allegation set forth in Paragraph 33.

34.   Answering Paragraph 34 of the SAC, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons that purportedly are similarly situated. Defendants deny that any class should be certified in this action and that this action is appropriate for class treatment. Except as expressly stated, Defendants deny each and every remaining allegation set forth in Paragraph 34.

35.   Answering Paragraph 35 of the SAC, Defendants deny each and every allegation set forth in Paragraph 35.

36.   Answering Paragraph 36 of the SAC, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons that purportedly are similarly situated. Defendants deny that any class should be certified in this action and that this action is appropriate for class treatment. Except as expressly stated, Defendants deny each and every remaining allegation set forth in Paragraph 36.

37.   Answering Paragraph 37 of the SAC, Defendants deny each and every allegation set forth in Paragraph 37.

38.   Answering Paragraph 38 of the SAC, Defendants deny each and every allegation set forth in Paragraph 38.

39.   Answering Paragraph 39 of the SAC, Defendants deny each and every allegation set forth in Paragraph 39.

40.   Answering Paragraph 40 of the SAC, Defendants deny each and every allegation set forth in Paragraph 40.

LA 51691693

41. Answering Paragraph 41 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations in Paragraph 41.

42. Answering Paragraph 42 of the SAC, Defendants deny each and every allegation set forth in Paragraph 42.

43. Answering Paragraph 43 of the SAC, Defendants deny each and every allegation set forth in Paragraph 43.

## ANSWER TO FIRST CAUSE OF ACTION

44. Answering Paragraph 44 of the SAC, Defendants incorporate their responses to the allegations in Paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Answering Paragraph 45 of the SAC, Defendants deny each and every allegation set forth in Paragraph 45.

46. Answering Paragraph 46 of the SAC, Defendants deny each and every allegation set forth in Paragraph 46.

47. Answering Paragraph 47 of the SAC, Defendants deny each and every allegation set forth in Paragraph 47.

## ANSWER TO SECOND CAUSE OF ACTION

48. Answering Paragraph 48 of the SAC, Defendants incorporate their responses to the allegations in Paragraphs 1 through 47, inclusive, as if fully set forth herein.

49. Answering Paragraph 49 of the SAC, Defendants deny each and every allegation set forth in Paragraph 49.

50. Answering Paragraph 50 of the SAC, Defendants deny each and every allegation set forth in Paragraph 50.

51. Answering Paragraph 51 of the SAC, Defendants deny each and every allegation set forth in Paragraph 51.

## ANSWER TO PRAYER FOR RELIEF

Answering Plaintiffs' Prayer for Relief as set forth on Pages 9 and 10 of the SAC, Defendants deny that Plaintiffs and the purported, alleged putative class are entitled to any relief whatsoever against Defendants.

## ANSWER TO JURY TRIAL DEMAND

52. Answering Paragraph 52 of the SAC, Defendants admit that Plaintiffs seek a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

The SAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

Defendants are informed and believe, and on that basis allege, that Plaintiffs and/or any person they purport to represent, are barred, in whole or in part, from maintaining the alleged causes of action because they provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. §227(b)(1)(A), for all calls allegedly placed to their cell phone number by any alleged automatic telephone dialing system.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

The SAC is barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, and/or any person they purport to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The SAC is barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, and/or any person they purport to represent, which amount to and constitute a waiver of any right or rights Plaintiffs, and/or any person they purport to represent, may or might have in relation to the matters alleged in the SAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs, and/or any person they purport to represent, unreasonably have delayed taking action in connection with the alleged claims, causing substantial prejudice to Defendants, and such claims therefore are barred pursuant to the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent that Plaintiffs, and/or any person they purport to represent, have suffered any damage as a result of the matters alleged in the SAC, Plaintiffs, and/or any person they purport to represent, have failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs and/or any person they purport to represent, may obtain no relief under the SAC by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Setoff)

Defendants allege, based upon information and belief, that they are entitled to a set off based upon Plaintiffs' breach of contract for failure to pay the total sum due on their account(s) with Defendants.

## NINTH AFFIRMATIVE DEFENSE

## (Not Knowing Or Willful)

Plaintiffs, and/or any person they purport to represent, are precluded from any recovery from Defendants for a willful and knowing violation of the TCPA because any such violation (which Defendants deny occurred) would not have been willful or knowing.

## TENTH AFFIRMATIVE DEFENSE

## (Statute of Limitations)

Plaintiffs' claims, and/or the claims of the class they purport to represent, are barred in whole or in part by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Due Process)

The imposition of liability and/or statutory damages under the TCPA as sought in the SAC would violate provisions of the United States Constitution, including the Due Process Clause.

## TWELFTH AFFIRMATIVE DEFENSE

## (Independent, Intervening Conduct)

Plaintiffs, and/or any person they purport to represent, are barred from recovery in that any damage sustained by Plaintiffs, and/or any person they purport to represent, was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Agreement to Arbitrate)

To the extent Plaintiffs themselves, and/or any person they purport to represent, are holders of accounts with defendant JPMorgan Chase Bank, N.A., erroneously sued as JP Morgan Chase & Co. ("JPMC"), each account holder's

-9-

agreement (including any JPMC-issued accounts held by Plaintiffs) is governed by a written arbitration agreement encompassing the claims alleged in the SAC, which may be invoked by Defendants at their election.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants expressly reserve their right to assert such other and further affirmative defenses as may be appropriate.

### PRAYER

**WHEREFORE,** Defendants pray as follows:

That Plaintiffs and/or any person they purport to represent take nothing by virtue of this action;

For judgment to be entered against Plaintiffs and in favor of Defendants;

That Defendants be awarded their attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

That this Court grant Defendants such other relief the Court may deem just and proper.

Dated:  October 21, 2013

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
ARJUN P. RAO

By:  */s/ Julia B. Strickland*
Julia B. Strickland

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., erroneously sued as JPMORGAN CHASE & CO., and CHASE BANK USA, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, a copy of the foregoing **ANSWER OF DEFENDANTS TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Julia B. Strickland*
Julia B. Strickland